UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MAHA GIFT SHOP INC., a New York corporation, and ZAKARIA AHMED, individually,<br><br>Defendants. | Civil Action No.<br><br><br>**COMPLAINT** |

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. (collectively, "Plaintiffs"), through their undersigned counsel, sue Defendants Maha Gift Shop Inc. and Zakaria Ahmed (collectively, "Defendants"), and allege:

## INTRODUCTION

1.     This lawsuit arises from the theft of Plaintiffs' intellectual property by Defendants' sale of sunglasses bearing counterfeits of Plaintiffs' Ray-Ban and Oakley federally registered trademarks (the "Counterfeit Merchandise"). Defendants have been offering for sale and selling Counterfeit Merchandise via their retail storefront in the State of New York.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves trademark claims arising under 15 U.S.C. § 1114 (the "Lanham Act").

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over each of the Defendants since they do business in and are residents of this State, and they have committed tortious acts in this State.  Moreover, a substantial part of the events giving rise to the claims occurred in this Judicial District.

## PARTIES

4.      Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with a principal place of business in Milan, Italy.

5.      Plaintiff, Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect, wholly owned subsidiary of Luxottica Group S.p.A.

6.      Defendant, Maha Gift Shop Inc. ("Maha Gift Shop") is a corporation organized and existing under the laws of the State of New York. Defendant Maha Gift Shop operates a retail gift and souvenir store located at 183 Hester Street, New York, New York 10013. As alleged herein, Maha Gift Shop is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

7.      Defendant, Zakaria Ahmed ("Ahmed") is an individual residing in Queens, New York. Ahmed is the owner, officer, director and manager of Defendant Maha Gift Shop and the moving force behind that entity's operations and infringing activities.

## FACTUAL ALLEGATIONS

**A.      The World-Famous Luxottica Brands and Products.**

8.      Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica Group's proprietary brands include

Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

9.      Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

10.      Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including New York.

11.      Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

12.      Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below).  As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

13.      Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
| --- | --- | --- |

| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
|---|---|---|
| 1,093,658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | *Ray-Ban* | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | *RB* | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

4

14.     Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1]  These registrations are valid and subsisting and the majority are incontestable.

15.     The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

16.     The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

17.     The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

18.     The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.      The World-Famous Oakley Brand and Products.**

19.     Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

20.     Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including New York.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

21.    Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to those detailed in this Complaint.

22.    Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below).  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

23.    Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), among others, which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,984,501 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |
| 3,331,124 | | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |

6

| 1,980,039 | OAKLEY | For:  protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories in class 9. |
|---|---|---|

24.     Oakley has long been manufacturing and selling eyewear in interstate commerce under the Oakley Trademarks.  These registrations are valid and subsisting and the majority are incontestable.

25.     The registration of the Oakley Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

26.     The registration of the Oakley Trademarks also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademarks.

27.     The Oakley Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

28.     The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.     Defendants' Infringing Activities.**

29.     On June 12, 2026, one of Plaintiffs' investigators visited Defendants' retail store located at 183 Hester Street, New York, New York 10013 and purchased two pairs of counterfeit sunglasses, one bearing the Ray-Ban Trademarks and one bearing the Oakley Trademarks, for a

7

total price of $40.00, paid by credit card.  Photographs of the sunglasses purchased on June 12, 2026 are depicted below.







30.    On June 13, 2026, Plaintiffs' investigators returned to Defendants' retail store located at 183 Hester Street, New York, New York 10013, and purchased four pairs of counterfeit sunglasses, three bearing the Oakley Trademarks and one bearing the Ray-Ban Trademarks for a total cash price of $80.00.  Photographs of the sunglasses purchased on June 13, 2026 are depicted below.



9



31.    Luxottica Group, on behalf of itself and Oakley, subsequently inspected the items that were sold by Defendants on June 12 and June 13, 2026 and determined that the Ray-Ban and Oakley Trademarks affixed to the sunglasses are either incorrect or inconsistent with the Ray-Ban and Oakley Trademarks found on similar products bearing authentic Ray-Ban and Oakley Trademarks.

32.    Plaintiffs also determined that the items purchased from the Defendants infringed one or more of their respective Ray-Ban and Oakley Trademarks and bore reproductions of marks

that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Oakley Trademarks.

33.    Plaintiffs did not manufacture, and they did not authorize anyone to manufacture any of the counterfeit Ray-Ban or Oakley trademarked products that were sold by Defendants as identified herein.

34.    Defendant Ahmed was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore, he was a direct participant in the infringing activities of Defendant Maha Gift Shop.

35.    Defendants do not have a license, authority, or other permission from Plaintiffs to use the Ray-Ban or Oakley Trademarks in connection with the advertising, promoting, offering for sale or sale of the Counterfeit Merchandise.

36.    Defendants' actions, as described above, constitute direct trademark infringement in violation of the Lanham Act.

37.    Defendants' actions, as described above, are intended to cause confusion or mistake, and to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale are authentic or authorized products of Luxottica Group and Oakley.

38.    Defendants' actions, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Ray-Ban and Oakley.

39.    Defendants are aware of the extraordinary fame and strength of Ray-Ban and Oakley brands, the Ray-Ban and Oakley Trademarks, and the incalculable goodwill associated therewith.

11

40.     Defendants' knowing and deliberate hijacking of Plaintiffs' famous marks and offer for sale of Counterfeit Merchandise has caused substantial and irreparable harm to Plaintiffs' goodwill and their reputations.  In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban and Oakley Trademarks.

41.     Plaintiffs seek damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing the Ray-Ban and Oakley Trademarks.

## COUNT I
### (15 U.S.C. § 1114)
### (Trademark Infringement)

42.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 41 above.

43.     This is a trademark infringement action against Defendants based on the unauthorized use in commerce of reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Oakley Trademarks.

44.     Defendants have promoted, advertised, and offered for sale products bearing counterfeits of one or more of the Ray-Ban and Oakley Trademarks without Plaintiffs' permission and without any compensation to Plaintiffs.

45.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and/or sold by Defendants are authentic or authorized products of Luxottica Group and Oakley.

46.    Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group and Oakley.

47.    Defendants have directly and willfully infringed the Ray-Ban and Oakley Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Maha Gift Shop Inc. and Zakaria Ahmed, jointly and severally, as follows:

A.    Finding that Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.    Awarding Plaintiffs statutory damages for willful trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

C.    Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated: July 27, 2026                    Respectfully submitted,

                                        /s/ Steven M. Lucks
                                        Steven M. Lucks
                                        Maria Angela Brusco
                                        FISHKIN LUCKS LLP
                                        The Woolworth Building
                                        233 Broadway
                                        New York, NY 10279

13

(646) 755-9200
slucks@fishkinlucks.com
mbrusco@fishkinlucks.com

-and-

/s/ David B. Rosemberg
David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Luxottica Group S.p.A. and Oakley, Inc.*

14